```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
YOFELITO MIGUEL URENA-URENA

                Petitioner,
                                          09 Civ. 6504 (DAB)
        - against -                       MEMORANDUM & ORDER

UNITED STATES
                Respondent,
------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-26-10

DEBORAH A. BATTS, United States District Judge

Petitioner, Yofelito Miguel Urena-Urena ("Petitioner"), proceeding pro se, brings this §2255 Petition to vacate, set aside or correct his judgment and sentence of 46 months, alleging that he received ineffective assistance of appellate counsel and that the Court erred in failing to apply a downward departure based on extraordinary family circumstances. For the following reasons, Petitioner's Petition is denied.

## I. BACKGROUND

Petitioner, a citizen of the Dominican Republic, was convicted on December 22, 1999 in New York Supreme Court, New York County, for the criminal sale of a controlled substance in the second degree, and was sentenced to a term of 57 months' to life imprisonment. (PSR, ¶ 25.)

After serving his sentence, Petitioner was deported to the Dominican Republic on May 12, 2004. (PSR, ¶ 25.) Subsequently, Petitioner returned to the United States where he was arrested in

New York City on August 18, 2007, and charged with criminal possession of a controlled substance and resisting arrest. (PSR, ¶¶ 2, 6.) On October 24, 2007, a Grand Jury returned a one-count Indictment charging Petitioner with illegal reentry into the United States after being deported subsequent to a conviction for criminal sale of a controlled substance, in violation 8 U.S.C. §1326(a) and (b)(2). On February 7, 2008, Petitioner pled guilty before this Court to that charge.

On June 2, 2008 this Court imposed a 46 months sentence of imprisonment, at the bottom of the Guideline range of 46 to 57 months, to be followed by two years of supervised release, and a $100 special assessment. On June 4, 2008, Petitioner filed a notice of appeal. On October 17, 2008, Petitioner's appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there were no non-frivolous issues to be raised on appeal. The Second Circuit affirmed the Court's conviction and sentence on January 26, 2009.

## II. DISCUSSION

Petitioner now argues that his appellate counsel was ineffective because he declined to file a merits appellate brief raising arguments (1) that the Court failed to consider the unwarranted sentencing disparities that result from the absence of a fast-track program in this District, (Petition at 6-10); (2)

2

that Petitioner's sentence was unreasonable and greater than necessary to achieve the purposes of sentencing set forth in 18 U.S.C. §3553(a), (Petition at 10-15); and (3) the Court erred in failing to apply a downward departure based on extraordinary family circumstances pursuant to §5K.2 of the Federal Sentencing Guidelines, (Petition at 17-19.)

A.  Standard of Law

To vacate or set aside a conviction under §2255, a petitioner must demonstrate a "constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a 'fundamental defect which inherently results in complete miscarriage of justice.'" Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996) (quoting United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995)).

A defendant who challenges his sentence by alleging ineffective assistance of counsel must prove (1) that his counsel's performance fell below "an objective standard of reasonableness" under "prevailing professional norms," and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984); Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994). The Strickland two-prong test applies to claims of ineffective

assistance of trial or appellate counsel, including the claim that appellate counsel was ineffective in declining to file a merits brief. Smith v. Robbins, 528 U.S. 259, 285 (2000); Aparicio v. Artuz, 269 F. 3d 78, 95 (2d Cir. 2001).

Further, because Petitioner is pro se, his petition will be construed liberally and "interpreted to raise the strongest arguments that they suggest." Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

B. Petitioner's Claim of Ineffective Assistance

   1. Fast Track Disparities

First, Petitioner appears to argue that he has satisfied both prongs of Strickland because of his appellate counsel's failure to raise the Court's treatment of sentencing disparities that may result from the existence of fast-track programs in other districts. Defendants such as Petitioner in non-fast-track districts frequently argue that their inability to obtain the benefit of a fast-track program creates a sentencing disparity that implicates 18 U.S.C §3553(a)(6), which states that sentencing courts must consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Thus, these Defendants argue that sentencing courts in non-fast-track

4

districts have the discretion to grant below Guidelines sentences to mitigate the resulting sentencing disparities. See e.g., United States v. Ramos, 296 Fed.Appx. 201 (2d Cir. 2008); United States v. Liriano-Blanco, 510 F.3d 168, (2d Cir. 2007).

Petitioner's argument does not satisfy the reasonableness prong of the Strickland test. To satisfy this prong a petitioner must show that appellate counsel was "objectively unreasonable in failing to find arguable issues to appeal- that is, that counsel unreasonably failed to discover non-frivolous issues and to file a merits brief raising them." Robbins, 528 at 285 (citing Strickland, 466 U.S. at 687-91). However, given the settled law within this Circuit that "fast-track programs do not create unwarranted sentencing disparities within the meaning of 18 U.S.C. § 3553(a)(6)," United States v. Vera Ramos, 296 Fed.Appx. 201, 203 (2d Cir. 2008), (citing United States v. Mejia, 461 F.3d 158, 164 (2d Cir. 2006)), appellate counsel's decision not to raise the issue on appeal was not objectively unreasonable.

2. Reasonableness

The Supreme Court has held that, on appeal, sentences should be reviewed for "reasonableness", United States v. Booker, 543 U.S. 220 (2005), explaining that reasonableness review is equivalent to a "deferential abuse-of-discretion standard of review." Gall v. United States, 128 S.Ct. 586, 598 (2007).

5

Further, the Second Circuit has stated that the reasonableness standard is "akin to review for abuse of discretion" and that "a sentence will satisfy the requirements of Booker and the Sixth Amendment if the sentencing judge (1) calculates the relevant Guidelines range, including any applicable departure under the Guidelines system; (2) considers the calculated Guidelines range, along with the other §3553(a) factors; and (3) imposes a reasonable sentence." United States v. Fernandez, 443 F. 3d 19, 27 (2nd Cir. 2006).

Prior to sentencing, the Court calculated the applicable Guidelines range and treated them as advisory. The Court stated:

> I accept and adopt the factual recitations set forth in the presentence report. I accept and adopt the guideline offense level of 21 as set forth in the presentence report . . . I do not, however, accept and adopt the criminal category of IV as set forth in the presentence report . . . the Court finds that the appropriate criminal history is III and not IV.

(June 2, 2008 Tr. 5:8-20.)

Further, the Court considered all of the 3553(a) factors, explaining that it had "considered the relevant sections of the advisory sentencing guidelines and the sentencing factors set forth is 18, United States Code, Section 3553(a), and finds that there is no reason to depart from the advisory sentencing guideline range, nor is a departure warranted based on the factors contained in 18, United States Code, Section 3553(a)." (June 2, 2008 Tr. 6:4-9.)  The Court then imposed a 46 month

6

sentence at the bottom of the Guideline range.  (June 2, 2008 Tr. 6:10-12.)

Petitioner however, claims that the law has changed since his sentencing.  Specifically, Petitioner cites Kimbrough v. United States, 552 U.S. 85 (2007) and Rita v. United States, 551 U.S. 338 (2007).  In Kimbrough, the Court held that sentencing courts have broad discretion to impose a below-Guidelines sentence if it is necessary to ensure that the sentence is "sufficient, but not greater than necessary" and acknowledged that Courts may vary from the Guidelines based solely on policy considerations.  In Rita, the Court held that federal appellate courts may apply a presumption of reasonableness to district court sentences that are properly calculated within the Sentencing Guidelines range.  The Petitioner argues that the Court was unaware of these decisions and therefore unaware that it could fashion a sentence that varied from the Guidelines range based solely on policy considerations, including the lack of a fast-track program in this District. (Pet.'s § 2255 Petition at 6-15.)

Petitioner's argument that the Court was unaware of the Kimbrough and Rita rulings, and thus did not appreciate its ability to vary from the applicable sentencing guidelines range is without merit.  Both Kimbrough and Rita were decided before the Petitioner's sentencing took place, and the Court was fully

7

aware of their holdings.  Further, the Defendant's sentencing submission cited to Kimbrough and the Government's submission cited to Rita. (Def's May 13, 2008 Subm., at 4-5; Gov's May 20, 2008 Subm., at 4.)

Accordingly, because the Court correctly calculated the advisory guideline range and criminal history, and then considered them in light of all of the sentencing factors under Section 3553(a), Petitioner's Strickland argument as to the length and reasonableness of his sentence fails.

3. Family Circumstances

Petitioner further argues that he should have been granted a downward departure at sentencing based on extraordinary family circumstances and specifically the hardship his sentence may cause to his family.  Nevertheless, §5H1.6 of the Sentencing Guidelines, and the rule in the Second Circuit, state that family circumstances are "not ordinarily relevant" and may provide justification for a downward departure only in "exceptional cases." See U.S.S.G. §5H1.6; U.S.S.G. §5H, Introductory Commentary.

The Second Circuit has reviewed departures for exceptional family circumstances in various contexts, deeming them permissible only in especially compelling circumstances.  See e.g., United States v. Johnson, 964 F.2d 124, 129 (2d Cir. 1992)

8

(upholding departure where Defendant was solely responsible for the upbringing of four young children, including an infant); United States v. Alba, 933 F.2d 1117, 1122 (2d Cir. 1991), (upholding departure where the defendant worked at two jobs to support his wife, two children, grandmother, and a disabled father, who depended on the defendant's physical strength "to help him get in and out of his wheelchair").

Further, the Second Circuit has deemed downward departures impermissible in less compelling circumstances, including where other relatives could meet the family's needs or the where a defendant's absence did not cause a "particularly severe" hardship. See, e.g., United States v. Madrigal, 331 F.3d 258, 260 (2d Cir. 2003), (district court had abused its discretion in granting downward departure for family circumstances where only one of defendant's six children was under 18, court did not conclude that defendant was the only person capable of providing adequate care for her youngest children, and there was evidence that family as whole remained cohesive); United States v. Smith, 331 F.3d 292, 294 (2d Cir. 2003) (district court had abused its discretion in granting downward departure for family circumstances where defendant was not the sole caregiver or financial supporter of his two-year-old son, and where, although his wife would likely be required to postpone her college studies and perhaps seek to supplement her income, the hardship caused

9

would neither be of long duration nor particularly severe, and might be alleviated by the availability of defendant's mother and half-sister for child care).

Thus, a downward departure based on family circumstances is appropriate only "where the family was uniquely dependant on the defendant's ability to maintain existing financial and emotional commitments." See United States v. Faria, 161 F.3d 761, 762 (2d Cir. 1998) (vacating a downward departure where the defendant's three children were minors and depended on his financial support to maintain their standard of living). Here, Petitioner is not the sole caregiver for his three children, nor are there other extraordinary circumstances of familial hardship beyond those that are often present in the lives of criminal defendants. (PSR, ¶¶ 39-42.) Accordingly, Petitioner's appellate counsel's decision not to appeal this Court's denial of a departure on the basis of family circumstances was not objectively unreasonable under Strickland.

### III. CONCLUSION

Petitioner has not shown that his appellate counsel's conduct was objectively unreasonable or that there was a reasonable probability his appeal would have been successful had appellate counsel made the foregoing arguments on appeal. Accordingly, for the foregoing reasons Petitioner's §2255

Petition is DENIED. The Clerk of the Court is directed to CLOSE the Docket in this case.

SO ORDERED

Dated:     New York, New York

           July 26, 2010

                                      *Deborah A. Batts*
                                      DEBORAH A. BATTS
                                      United States District Judge

11